**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Square One Choices Inc.,

Plaintiff,

v.

Yiwu Bingwen Trading Co., Ltd.,
Defendant.

**Civil Action No.** 24-cv-02766-JLR

**JURY TRIAL DEMANDED**

# Amended COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Square One Choices Inc. ("Square One Choices" or "Plaintiff"), for its Complaint against Yiwu Bingwen Trading Co., Ltd. d/b/a iArtker (referred to herein as "iArtker" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff Square One Choices is a corporation organized under the laws of the State of New York.

3. Upon information and belief, Defendant is a company organized under the laws of Republic of China and located at 6th Floor, Building 10, Beiyuan Science and Technology Innovation Park, Beiyuan Street, Yiwu City, Zhejiang Province.

4. Upon information and belief, Defendant sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and

introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

5. Upon information and belief, Defendant operates an Amazon store titled "BINGWUS" under assumed business name "yiwushibingwenshangmaoyouxiangongsi" through which it sells various consumer products to customers.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and 28 U.S.C. § 1391(d).

9. Defendant has committed acts of infringement in this District.

10. Upon information and belief, Defendant is subject to this Court's general and specific personal jurisdiction, because Defendant has sufficient minimum contacts within the State of New York and this District, pursuant to due process and/or the New York Long Arm Statute, because Defendant purposefully availed itself of the privileges of conducting business in the State of New York and in this District, because Defendant regularly conducts and solicits business within the State of New York and within this District, and because Plaintiff's causes of action arise directly from each of Defendant's business contacts and other activities in the State of New York and this District.

## BACKGROUND

11. Kazimierz Bigus is the inventor of U.S. Patent No. 11,123,901 ("the '901 patent"). A true and correct copy of the '901 patent is attached as Exhibit A.

12. Kazimierz Bigus helped to unlock the potential of three-dimensional (3D) pens.

Beginning in 2016, Mr. Bigus spent countless hours analyzing complaints from 3D-pen users, searching for ways to serve their needs. His efforts revealed a common theme: users would buy 3D pens expecting to create 3D objects, but ended up frustrated when they could not even create 3D cubes and instead were limited to simple "doodles." After testing hundreds of 3D-printing pens and endless brainstorming sessions towards solving this problem, Mr. Bigus invented a unique 3D-mat design with grooves and a combination of geometric figures or templates for use with a 3D pen.

13. The '901 patent resulted from the innovation of Mr. Bigus (hereinafter "the Inventor") in the field of 3-dimentional (3D) printing and 3D drawing by using 3D pens. These efforts resulted in the development of a novel system that allows creation of various 2-dimensional (2D) and 3D objects using an inventive silicon mat.

14. In particular, the '901 patent is directed to a device that allows for the creation of 2D and 3D plastic (or similar material) objects using a 3D drawing pen. The device consists of a silicon, non-sticky, heat-resistant, flexible, and transparent mat in the surface of which are cut grooves within which a still-soft plastic filament, extruded by a hand-free 3-D drawing pen, is laid down for the creation of 2D and 3D plastic objects. The surface of the above-described silicon, non-sticky, heat-resistant, flexible, and transparent mat can be virtually of any geometric or non-geometric shape and size within which, and in which can be cut grooves of various size and shape. This invention solves the problem of the impossibility, due to human free hand instability, and lack of precision in drawing, to draw and create correctly and precisely 2D and 3D objects by means of a free-hand 3D drawing pen only.

15. For example, as recited in claim 1 of the '901 patent, the Inventor developed a device that includes:

> a number of templates, each said template is characterized with a

> template surface including a plurality of template grooves of predetermined shapes and predetermined sizes; said template grooves each defines walls and a bed; said template grooves are capable of being filled in with a filament extruded by the 3-D drawing pen, such that the filament forms the 2-dimensional and 3-dimensional objects; said template grooves function as a guide for the drawer and as a depository for the filament thereby allowing for a correct and accurate formation of said 2-dimensional and 3-dimensional objects, through containing the filament laid within the walls of said template grooves;
>
> and a fuse-and-join area functioning as a base for concentrically placing the 2-dimensional and 3-dimensional objects formed within said number of templates as parts for assembling thereof into a complex 3-dimensional object, and joining said 2-dimensional and 3-dimensional objects by the filament extruded by the 3-D drawing pen; wherein said filament functions as a joiner for said parts; and wherein said fuse-and-join area is characterized by a plurality of fuse-and-join grooves having sizes exceeding the respective predetermined sizes of said template grooves by an extra length, the extra length is at least one size of predetermined sizes of said template grooves, and thereby producing an external edge of the base.

16. Having a fuse-and-joint area provides a specific and important advantage over the other offerings in the market by facilitating an improved stability of the 2D and 3D objects.

17. Because of the aforementioned advantages that can be achieved through the use of the patented invention, the ’901 patent presents significant commercial value for companies like Defendant.

18. In November 2017, Mr. Bigus began selling the mat that incorporates Mr. Bigus’ invention. In particular, Mr. Bigus sells “3Dmate Base - Transparent 3D Pen Mat 18 x 12 Inches with Fuse and Join Area - Flexible Two-Sided Heat-Resistant Silicone - 3D Pen Accessories Compatible with Stencils - STEM Activity for Kids, Adults” and other similar products and bundles via www.amazon.com, Walmart marketplace and other venues. Consumers welcomed Mr. Bigus’ high-quality mats with open arms, with sales steadily increasing each month thereafter.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 11,123, 901**

19. The allegations set forth in the foregoing paragraphs are incorporated into this Count I.

20. On September 21, 2021, the ’901 patent was duly and legally issued by the United States Patent and Trademark Office under the title “DEVICE AND METHOD FOR THE CREATION OF 2D AND 3D OBJECTS BY USING A 3D DRAWING PEN.”

21. Square One Choices is the assignee and owner of the right, title and interest in and to the ’901 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

22. Upon information and belief, Defendant has and continues to directly infringe one or more claims of the ’901 patent by selling iArtker’s “Transparent 3D Pen Mat” as part of the Defendant’s line of products (the “Accused Products”) via Amazon marketplace. Examples of the Accused Products are shown in Exhibit B.

23. Upon information and belief, the Accused Products read at least on independent claim 1 of the ‘901 Patent. Exemplary infringement analysis showing infringement of all elements of the device recited in claim 1 of the ’901 patent is set forth in Exhibit C. This infringement analysis is preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the ’901 patent. Square One Choices reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the ’901 patent.

24. Defendant has infringed and is infringing, individually and/or jointly, either literally or under the doctrine of equivalents, at least claim 1 of the ’901 patent in violation of

35 U.S.C. §§ 271, et seq., directly or indirectly, by making, using, offering for sale, selling, offering for lease, leasing in the United States, and/or importing into the United States without authority or license, the Accused Products.

25. Upon information and belief, Defendant has had knowledge of Plaintiff's patent rights as early as November 2023.

26. Upon information and belief, since Defendant had knowledge of the '901 patent, Defendant has induced and continues to induce others to infringe at least one of claim 1 of the '901 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Products constitutes direct infringement of at least claim 1 of the '901 patent.

27. In particular, Defendant's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Products and providing materials and/or services related to the Accused Products.

28. Upon information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '901 patent and that its acts were inducing infringement of the '901 patent since Defendant has had knowledge of the '901 patent.

29. Defendant's infringement of the '901 patent is willful and deliberate, entitling Square One Choices to enhanced damages and attorneys' fees.

30. Defendant's infringement of the '901 patent is exceptional and entitles Square One Choices to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

31. Square One Choices is entitled to recover from Defendant all damages that

Square One Choices has sustained as a result of Defendant's infringement of the '901 patent, including without limitation and/or not less than a reasonable royalty.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Square One Choices demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Square One Choices, demands judgment for itself and against Defendant as follows:

A. A preliminary injunction enjoining Defendant from making, using, selling, offering for sale, and/or importing mats that infringe upon Square One's U.S. Patent No. 11,123,901;

B. An injunction enjoining Defendant permanently from making, using, selling, offering for sale, and/or importing mats that infringe upon Square One's U.S. Patent No. 11,123,901;

C. An adjudication that the Defendant has infringed U.S. Patent No. 11,123,901;

D. An award of damages to be paid by Defendant adequate to compensate Square One Choices for Defendant's past infringement of U.S. Patent No. 11,123,901, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

E. Enhanced damages for willful infringement;

F. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Square One Choice's reasonable attorneys' fees; and

G. An award to Square One Choices of such further relief at law or in equity as the Court deems just and proper.

Dated: June 21, 2024

MUNCY, GEISSLER, OLDS & LOWE, P.C.

/s/Leo V. Gureff
Leo V. Gureff (LG1271)
lvg@mg-ip.com
125 South Royal Street
Alexandria, Virginia 22314 USA
Tel: 1.703.621.7140
Fax: 1.703.621.7155

*Attorneys for Plaintiff*
*Square One Choices Inc.*