# MUNCY, GEISSLER, OLDS & LOWE, P.C.


JOE M. (KEN) MUNCY
MARTIN R. GEISSLER*
MARK E. OLDS
SCOTT L. LOWE
JOHN L. CICCOZZI*
DANIEL PODHAJNY
SCOTT M. TULINO
AARON J. SANDERS*
P. JAY HINES
JEFFREY H. KAUFMAN
ROBERTA S. BREN
ALLISON M. TULINO
LEO V. GUREFF*
MARY FRAN LOVE*
REBECCAH GAN*
FLOYD E. CANFIELD
H. DAVID STARR*

ASSOCIATES:
SIMONE CHEN
ROMAN CAMPOS*
CHING (TONY) CHANG

INTELLECTUAL PROPERTY LAW
125 S ROYAL STREET
ALEXANDRIA, VA 22314

TEL: 1.703.621.7140
FAX: 1.703.621.7155
FAX: 1.703.621.7173

e-mail: mailroom@mg-ip.com
www.mg-ip.com

OF COUNSEL:
ROBERT F. GNUSE
RUI W. GEISSLER*
HYUNG SOHN
MARCUS H. LUEPKE*
HOWARD SEO*
JAY KLINCK*
ROBERT POLIT*
LINDA G. GUNDERSON*
LEE HSU*

PATENT AGENTS:
TETSU YOSHIDA
TINGTING LIU
YU-TE (TERRY) CHEN

TECHNICAL ADVISORS:
SHAY CANFIELD+
KENTARO HIGUCHI+

INTELLECTUAL PROPERTY ADVISORS:
SUSAN BRADY BLASCO+
SHERRI WEISBECK-RASLICH+
CHRISTOPHER EMOND+

*ADMITTED TO A BAR OTHER THAN VIRGINIA
+ NOT AN ATTORNEY OR AGENT


**August 9, 2024**

***via ECF***

**Honorable Judge Jennifer L. Rochon**
**United States District Court**
**Southern District of New York**
**500 Pearl Street, Room 1920**
**New York, New York 10007**

**RE:** ***Square One Choices Inc. v. Yiwu Bingwen Trading Co., Ltd***
**USDC SDNY Case No. 1:24-cv-02766**

Dear Judge Rochon:

By this letter-motion, Plaintiff ("Square One") requests a leave to effect service on Defendant Yiwu Bingwen Trading Co., Ltd., located in China, by electronic means, namely by email to the known email address of Defendant from which Defendant communicated with Plaintiff's counsel. [*see* Exhibit 1, Declaration of Leo Gureff, ⁋ 2].

## Background

Defendant is a company organized under the laws of the Republic of China. (Dkt. 5, ⁋3) Defendant operates an Amazon store "BINGWUS" on amazon.com under assumed business name "yiwushibingwenshangmaoyouxiangongsi" through which it sells various consumer products to United States customers (Dkt. 5, ⁋5).

Prior to this action, Plaintiff and Defendant have been in communication via email to amicably resolve this dispute. [*See* Exhibit 1, Declaration of Leo Gureff, ⁋ 6]. Defendant used email address bingwen2021@163.com for all communications. [*See* Exhibit 1, Declaration of Leo Gureff, ⁋⁋ 4-8]. Defendant sent messages to Plaintiff and received messages from Plaintiff at the same email address, bingwen2021@163.com.

Once the negotiations failed, Square One filed the Complaint on April 11, 2024. During the communications between Plaintiff and Defendant, Defendant represented to Plaintiff's counsel that Defendant retained a United States litigation counsel [*see* Exhibit 1, Declaration of Leo Gureff, ⁋ 6].

On April 14, 2024, Suare One sent to Defendant "Notice of a Lawsuit and Request to Waive Service of Summons" and "Waiver of Service of Summons" documents, including the Complaint and Exhibits and requested to waive service. Plaintiff again used email address bingwen2021@163.com. [*See* Exhibit 1, Declaration of Leo Gureff, ⁋ 7].

While Defendant continues to sell its infringing product via amazon.com to the consumers located in the Untied States, and admittedly has been represented by U.S. counsel, Defendant refuses to waive service and demands that it be served in China despite its obligation to avoid unnecessary expenses under Federal Rule of Civil Procedure 4.

<u>Legal Standard</u>

Federal Rule of Civil Procedure 4(f) governs serving individuals in foreign countries. It provides that an individual may be served abroad: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention"; (2) "if there is no internationally agreed means, . . . by a method that is reasonably calculated to give notice"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4(f)(1)-(3).

"'[T]here is no hierarchy among the subsections of Rule 4(f).'" *Asia Cube Energy Holdings, Ltd. v. Inno Energy Tech Co., Ltd.,* 20 Civ. 6203 (AJN), 2020 WL 4884002, at *2 (S.D.N.Y. Aug. 17, 2020) (quoting *Adv. Aerofoil Techs., AG v. Todaro,* 11 Civ. 9505 (ALC) (DCF), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012)). "That is, Rule 4(f)(3) is 'neither a last resort nor extraordinary relief.'" *Id.* (quoting *Todaro,* 2012 WL 299959, at *1). Accordingly, "'a plaintiff is not required to attempt service through the other provisions of 4(f) before the Court may order service pursuant to Rule 4(f)(3).'" *Id.* (quoting *AMTO, LLC v. Bedford Asset Mgmt., LLC,* No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015)) (emphasis in original).

"An alternative method of service under Rule 4(f)(3) 'is acceptable if it (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process.'" *Id.* (quoting *S.E.C. v. China Intelligent Lighting & Elecs., Inc.,* No. 13-CV-5079 (JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 30, 2014)).

"[A] means of service comports with due process if it is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at *3 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). For service via email, the moving party must provide "'*some facts* indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" *Id.* (quoting *Fischer v. Petr Konchalovsky Found.,* No. 15-CV-9831 (AJN), 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016)) (emphasis in original).

Hague Service Convention does not Bar the Proposed Service via Email Addresses of Defendant

While China became a signatory to the Hague Convention on May 6, 1991, and the Hague Convention went into effect on January 1, 1992, the Hague Convention does not prohibit service via email. *See Aircraft Engine Lease Finance, Inc. v. Plus Ultra Lineas Aereas, S.A.,* 21 Civ. 1758, 2021 WL 6621578, at *2 (S.D.N.Y. Apr. 23, 2021) ("[T]he Hague Convention does not address service by email, and therefore does not prohibit such service."); "[c]ourts in the Second Circuit have generally found that email is not a postal channel and that service by email is authorized if the signatory country has not explicitly objected to service by electronic means." *Grp. One Ltd. v. GTE GmbH,* 523 F.Supp.3d 323, 343 (E.D.N.Y. 2021) (collecting cases); see *also ShelterZoom Corp. v. Goroshevsky,* 19-cv-10162 (AJN), 2020 WL 4252722, at *2 (S.D.N.Y. July 23, 2020) ("[N]umerous courts have held that service by email does not violate any international agreement, even when a country objects to Article 10 of the Hague Convention[.]" (quotation marks and citation omitted)).

Hence, the Hague Convention does not bar the proposed service via email addresses of Defendant.

Service via Known Email is Consistent with Due Process

Plaintiff's counsel communicated with Defendant via the bingwen2021@163.com email address on numerous occasions. [*See* Exhibit 1, Declaration of Leo Gureff, ⁋⁋ 4-8]. Defendant used the same email address in its settlement communications and to receive the "Notice of a Lawsuit and Request to Waive Service of Summons" and "Waiver of Service of Summons" documents, including the Complaint. Defendant also used the same email address to decline to waive the service. [*See* Exhibit 1, Declaration of Leo Gureff, ⁋ 7].

Given the extensive use of the email address in communications in connection with these proceedings, it is clear that Defendant "would be likely to receive [notice of these proceedings] at the given email address[es]." *Asia Cube,* 2020 WL 4884002, at *3.

Discretionary Factors weigh in favor of Alternative Service

In addition to determining whether an alternative method of service (1) is prohibited by international agreement, and (2) comports with due process, "courts in the Southern District of New York 'generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary.'" *Hardin v. Tron Found.,* 20-CV-2804 (VSB), 2020 WL 5236941, at *2 (S.D.N.Y. Sept. 1, 2020) (quoting *Devi v. Rajapaska,* No. 11 Civ. 6634 (NRB), 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012)).

Here, Plaintiff reasonably requested that Defendant waives the service by providing Defendant with "Notice of a Lawsuit and Request to Waive Service of Summons" and "Waiver of Service of Summons." [*See* Exhibit 1, Declaration of Leo Gureff, ⁋ 7]. Defendant refused even though it continues to sell infringing products to United States consumers.

As to whether the Court's intervention is necessary, the courts in this District have found that lengthy delays in service under the Hague Convention are sufficient to show that alternative service under Rule 4(f)(3) is warranted. *See, e.g., Aircraft Engine Lease Finance, Inc.,* 2021 WL 6621578, at *1 ("[B]ecause service through the Hague Convention would unnecessarily delay this case, the Court finds that intervention is necessary."); *In re GLG Life Tech Corp. Sec. Litig.,* 287 F.R.D. at 266 ("Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3).").

In light of the forgoing, Plaintiff requests that the leave to serve Defendant via the bingwen2021@163.com email address is granted.

Thank you in advance for your time and consideration.

Very truly yours**,**

MUNCY, GEISSLER, OLDS & LOWE, P.C.

________________
Leo V. Gureff
(SDNY Bar No.: LG1271)