UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SQUARE ONE CHOICES, INC.<br><br>         Plaintiff,<br><br>-against-<br><br>YIWU BINGWEN TRADING CO., LTD.,<br><br>         Defendant. | Case No. 1:24-cv-02766 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff Square One Choices, Inc. has sued Defendant Yiwu Bingwen Trading Co., Ltd. d/b/a iArtker, a company organized under the laws of the Republic of China and located in China, for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. ECF No. 5 ("Am. Compl.") ¶¶ 1, 3. Plaintiff now moves for leave to serve Defendant by the alternative means of email pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3). ECF No. 10 ("Mot."). For the reasons stated below, the motion is DENIED.

BACKGROUND

  On April 11, 2024, Plaintiff filed his initial Complaint, asserting patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. ECF No. 1 ("Compl."). Plaintiff filed an Amended Complaint on June 21, 2024. ECF No. 5 ("Am. Compl."). Plaintiff is a corporation organized under the laws of the State of New York. Am. Compl. ¶ 2. Plaintiff is the assignee and owner of the right, title, and interest in and to the '901 patent, titled "DEVICE AND METHOD FOR THE CREATION OF 2D AND 3D OBJECTS BY USING A 3D DRAWING PEN." Am. Compl. ¶¶ 20, 21. The '901 patent is directed to a device that allows for the creation of two-dimensional and three-dimensional objects using a 3D drawing pen. Am. Compl. ¶ 14. Defendant is a company organized under the laws of the Republic of China and lists its address as 6th Floor, Building 10, Beiyuan

Science and Technology Innovation Park, Beiyuan Street, Yiwu City, Zhejiang Province. Am. Compl. ¶ 3. Defendant operates an Amazon store titled "BINGWUS" under the assumed business name "yiwushibingwenshangmaoyouxiangongsi" through which it sells consumer products to customers. Am. Compl. ¶ 5. Plaintiff alleges that Defendant has and continues to directly infringe one or more claims of the '901 patent by selling iArtker's "Transparent 3d Pen Mat" as part of the Defendant's line of products on Amazon marketplace. Am. Compl. ¶ 22.

To date, Defendant has not appeared in this action or otherwise moved with respect to the Complaint. On August 9, 2024, Plaintiff filed a motion for alternative service, seeking permission to serve Defendant, who is located in China, by email pursuant to Federal Rule of Civil Procedure 4(f)(3). ECF. No. 10.

## DISCUSSION

Rule 4(f) provides three methods of service of an individual in a foreign country: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"; (2) "a method that is reasonably calculated to give notice," for example, "as the foreign authority directs in response to a letter rogatory"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3). Under the third method, Rule 4(f)(3), "a court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Front Row Fund I, L.P. ex rel. ChoiceWORX, Inc. v. Gross*, No. 23-cv-02255 (JHR) (JLC), 2023 WL 4441976, at *1 (S.D.N.Y. July 11, 2023) (citation omitted); *accord United States v. Mrvic*, 652 F. Supp. 3d 409, 412 (S.D.N.Y. 2023). "The decision whether to allow alternative

methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Pinkfong Co., Inc. v. Avensy Store*, No. 23-cv-09238 (JLR), 2023 WL 8531602, at *1 (S.D.N.Y. Nov. 30, 2023).

China is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"). China has lodged an unqualified objection to service by postal channels under the Hague Convention. *Smart Study Co. Ltd v. Acuteye-US*, 620 F. Supp. 3d 1382, 1394-95 (S.D.N.Y. July 21, 2022). *Smart Study* concluded that China's objection to service by "postal channels" "necessarily encompass[ed] an objection to service via email." *Id.* This Court has adopted *Smart Study's* approach. *See, e.g.*, *Pinkfong*, 2023 WL 8531602, at *3 ("The Court is persuaded by the in-depth analysis in *Smart Study Co.* that, in light of its objections, China prohibits service by email on defendants located in China") (citation and quotation omitted); *see also Orient Plus Int'l Ltd.v. Baosheng Media Grp. Hldgs. Ltd.*, No. 24-cv-00744, 2024 WL 2317715, at *3 (S.D.N.Y. May 22, 2024) (endorsing *Smart Study's* holding); *Shenzhen Chengront Tech. Co., Ltd. v. Besign Direct*, No. 22-cv-10281, 2022 WL 17741496, at *2 (S.D.N.Y. Dec. 9, 2022) (same).

Plaintiff has not shown that the Hague Convention allows email service on Defendant. As a result, the Court does not address Plaintiff's remaining arguments.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for alternative service via email. Plaintiff shall proceed to serve Defendant via the Hague Convention. If, after reasonable due diligence, Plaintiff determines that Defendant's address is inaccurate or unknown, the Hague Convention no longer applies, and Defendant can make a renewed application for alternate service to this Court. *See, e.g.*, *Orient Plus*, 2024 WL 2317715, at

*4, n. 2 ("[T]he Hague Convention does not apply where…the address of the person to be served with the document is not known.") (quotation and citation omitted).

Dated: September 24, 2024
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

4